```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION

IN RE: FIDDLER'S CREEK, LLC,
et al.                               CASE NO. 9:10-bk-03846-ALP

RAYMOND DAVID, et al.,

        Appellants,

v.                                   CASE NO:  8:10-cv-2342-T-33

FIDDLER'S CREEK, LLC, et al.,

        Appellees.
_____/
```

**ORDER**

This cause comes before the Court pursuant to Appellants' Motion for Leave to File Interlocutory Appeal (Doc. # 1). Appellees filed a Response in Opposition thereto (Doc. # 5).

Interlocutory appeals are proper if: (a) the order involves a controlling question of law, (b) as to which there is substantial ground for difference of opinion, and (c) an immediate appeal from the order may advance the ultimate termination of litigation. 28 U.S.C. 158(a); 28 U.S.C. 1292(b); McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1257 (11th Cir. 2004). The party seeking an

interlocutory appeal "'has the burden of showing exceptional circumstances, to overcome the general aversion to piecemeal litigation and to show that the circumstances warrant a departure from the basic policy of postponing appellate review until after entry of a final judgment.'" <u>Yerushalmi v. Shibolelth</u>, 405 B.R. 44, 47 (E.D.N.Y. 2009) (quoting <u>In re Enron Corp.</u>, 2008 WL 281972, at *3 (S.D.N.Y Jan. 25, 2008)). "'[T]he appeal from interlocutory orders . . . should and will be used only in exceptional cases where decision of the appeal may avoid protracted and expensive litigation . . . where a question which would be dispositive of the litigation is raised and there is a serious doubt as to how it should be decided.'" <u>U.S. ex rel. Borges v. Doctor's Care Medical Center, Inc.</u>, 2007 WL 984404, at *1 (S.D. Fla. Mar. 27, 2007) (quoting <u>McFarlin</u>, 381 F.3d at 1256).

The Court, having considered the motion, response and being otherwise fully advised, finds that the circumstances of this particular case do not warrant the certification of an interlocutory appeal of the Bankruptcy Court's order enforcing the automatic stay.

The Bankruptcy Court's order does not involve a controlling question of law as to which there is substantial ground for difference of opinion.  In addition, an immediate appeal would not materially advance the ultimate determination of the litigation.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Appellants' Motion for Leave to File Interlocutory Appeal (Doc. # 1) is **DENIED.**

(2) The Clerk is directed to terminate all pending motions and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of December, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record